IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YACHUNAVEI YANEE P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 17-cv-2980-N-BN |
| | § | |
| ANDREW SAUL, Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Yachunavei Yanee P.'s counsel David F. Chermol has filed a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). *See* Dkt. No. 24.

United States District Judge David C. Godbey has referred this matter to the undersigned United States magistrate judge for recommendation.

For the reasons explained below, the Court should grant the motion.

**Background**

Plaintiff filed a complaint challenging the Commissioner of Social Security's decision denying a claim for benefits under the Social Security Act. *See* Dkt. No. 1. By an order and judgment entered on April 27, 2019 [Dkt. Nos. 19 & 20], the Court reversed and remanded this case for further administrative proceedings. Plaintiff then moved for, and was awarded, attorneys' fees under the Equal Access to Justice Act ("EAJA") in the amount of $5,952.00. *See* Dkt. Nos. 21 & 23.

In his Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), Mr. Chermol

explains that, "[t]hrough outstanding quality appellate advocacy, counsel convinced this Court to remand this case for further proceedings due to various legal errors in the ALJ's decision"; "[t]he remand for further administrative proceedings led to an outright award of benefits"; "[t]his was an exceptionally successful fully favorable result for this claimant"; and "[t]he undersigned has now obtained a copy of the Notice of Award indicating that $25,060.88 is being withheld by SSA for payment of attorney fees." Dkt. No. 24 at 1. He further explains that he

> has researched the issue and confirmed that the claimant's administrative representative is seeking fees for their work at the administrative level in the amount of $11,737.50. Even though the fee agreement here and the law permit the undersigned to seek 25% of past due benefits, he will not do so. We will only seek the remaining amount once the administrative representative's fees have been accounted for, namely $13,323.38.
> 4. The claimant and the undersigned entered into a fee agreement. *See* Exhibit B (Fee Agreement). Consistent with the fee agreement and the statute, counsel seeks 406(b) fees. Counsel seeks only $13,323.38 and not the full 25% of past due benefits permitted by the statute and the fee agreement here.
> ....
> 6. This Court has previously received an accurate statement of attorney time expended from counsel as to the time spent litigating this case in federal court. That statement was submitted by counsel in connection with the EAJA aspect of this case. For the Court's convenience, counsel will attach that declaration again to this motion. *See* Exhibit C (Statement of Attorney Time Expended). That statement of attorney time expended is derived from contemporaneous time records, as previously noted.
> 7. Counsel has not represented the claimant in any other matter. In addition, as noted above, counsel did not represent the claimant at the administrative level. In any event, 406(b) fees can only be sought for the time expended in federal court.

*Id.* at 1-2.

The Commissioner timely filed a response, *see* Dkt. No. 25, and the motion is

2

now ripe for decision.

## Legal Standards and Analysis

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a) governs the award of attorneys' fees for representing a claimant in administrative proceedings, Section 406(b) governs the award of attorneys' fees for representing a claimant in court. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A); *see also Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800); *accord Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand").

Contingency fee agreements in Social Security cases are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits. *See Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, Section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

3

The Commissioner explains that he is not the true party in interest but asks the Court to resolve the question of reasonableness. *See* Dkt. No. 25 at 1. As the United States Court of Appeals for the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, her role resembles that of a "trustee" for the claimant. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). Seeking a Court's review of the reasonableness of the fees sought is consistent with this role.

But the Commissioner notes that,

> [h]ere, SSA withheld $25,060.88 for payment of attorney fees, which represents 25% of the past-due benefits payable to Plaintiff's attorney. *See* Doc. 24-1, p. 3. Chermol and [Plaintiff] entered into a "Social Security Retainer and Fee Agreement" on October 17, 2017, which stipulated that Chermol was entitled to 25% of [Plaintiff]'s past due benefits. *See* Doc. 24-2, pp. 1-2. However, Chermol reported that [Plaintiff]'s administrative representative is seeking fees for their work at the administrative level for $11,737.50. Doc. 24, p. 1. Thus, he is only seeking the remaining $13,323.38. *Id.*
>
> Chermol submitted a summary showing 35.7 hours of work before the District Court. *See* Doc. 24-3, p. 3. Chermol's request for $13,323.38 results in an hourly rate of $373. SSA usually considers that a fee is not a windfall when it is no more than twice the reasonable non-contingency hourly rate. *See Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991). While Chermol did not provide a non-contingent hourly rate, the Commissioner observes that the hourly rate of $373 is only slightly more than twice the hourly rate of $186 that was awarded in his petition for attorney fees under the Equal Access to Justice Act ($186.00 x 32 = $5,952.00). Therefore, the Commissioner will not argue that the amount requested is a windfall. Accordingly, the Commissioner is unopposed to the amount requested by Chermol.

Dkt. No. 25 at 2-3.

The reasonableness of attorneys' fees awarded pursuant to a fee-shifting statute is generally determined by using the lodestar method. *See Jeter*, 622 F.3d at 374 n.1.

4

But, noting that Section 406(b) is not a fee-shifting statute, the United States Supreme Court has "explicitly rejected" the use of the lodestar method as the "starting point" in determining the reasonableness of a fee under this statute. *Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give a contingency fee agreement 'primacy,'" although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379.

The Court in *Gisbrecht* acknowledged that, "[i]f the benefits [resulting from a contingency fee agreement] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order [to disallow windfalls for lawyers]." 535 U.S. at 808. The Fifth Circuit has interpreted this language to mean that courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 379. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to

5

the requested fee." *Id.* at 381-82 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

As to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-cv-56-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their case to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. Civ. A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Mr. Chermol explains that

> his representation of Plaintiff before this Court was clearly instrumental in the ultimate receipt of benefits. Without counsel's intervention, the claimant's non-attorney representative would not have been able to challenge the ALJ's decision after the Appeals Council denied review. The vast majority of disability practitioners refuse to handle federal court appeals. The undersigned was sought out due to his unique experience in litigating so many of these matters in federal court both for and against SSA. The federal court representation in this case was decisive in achieving such a highly successful result for this claimant. Moreover, the strategic guidance offered to the non-attorney representative regarding the remand proceedings self-evidently led to an extremely favorable result.
> 10. The claimant is currently 34 years of age and the total additional benefits beyond those past due (assuming continued disability until age 67) will easily exceed $600,000.00, plus higher retirement benefits at age 67. The total cash value of this decision to Plaintiff is therefore very likely easily in excess of $700,000.00, without even considering health coverage benefits.
> 11. Therefore, when the EAJA refund is factored in, the contingent

6

> fee only amounts to approximately 1% of the total award (although the actual percentage is likely lower). In addition, Plaintiff is eligible for Medicare benefits. Moreover, the Ticket to Work Act, 20 C.F.R., Part 411, Subparts A-C, allows Plaintiff to automatic benefits after the trial work expires in any month the claimant does not earn SGA level wages, for 60 months, as part of the extended work period. These factors deserve careful consideration in awarding the fee requested.

Dkt. No. 24 at 3-4. And Mr. Chermol's resulting effective hourly rate of $373, as explained by the Commissioner, does not exceed 25% of the past-due benefits that Plaintiff received.

The undersigned agrees that the resulting hourly rate is reasonable under the circumstances of this case. And Mr. Chermol provided effective and efficient representation, expending over 35 hours to reach a favorable result. Given the lack of success at the administrative level, counsel's success appears to be attributable to his own work.

Finally, while not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25% fee. *See Jeter*, 622 F.3d at 381-82; *Hartz*, 2012 WL 4471846, at *6.

After weighing the relevant factors, the undersigned finds that the requested contingency fee award in the amount of $13,323.38 is reasonable under the circumstances of this case and should be awarded under Section 406(b).

Plaintiff was previously awarded attorneys' fees under the EAJA. *See* Dkt. No. 23. Given the overlap between the EAJA and Section 406(b) of the Social Security Act, "Congress harmonized fees payable by the Government under" these statutes by requiring that the attorney "refund to [Plaintiff] the amount of the smaller fee."

*Gisbrecht*, 535 U.S. at 796 (citation omitted); *Rice v. Astrue*, 609 F.3d 831,837-39 (5th Cir. 2010). Here, Mr. Chermol represents that, "should the full 406(b) amount sought herein be awarded, Plaintiff's counsel requests that this Court then order Plaintiff's counsel to refund those EAJA fees in full to the claimant." Dkt. No. 24 at 2.

## Recommendation

The Court should (1) grant Plaintiff's counsel David F. Chermol's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Dkt. No. 24]; (2) award Mr. Chermol $13,323.38 in attorneys' fees to be certified for payment out of Plaintiff Yachunavei Yanee P.'s past-due benefits under 42 U.S.C. § 406(b); (3) order the Commissioner to release such amount as and for an attorneys' fee to Plaintiff's counsel David F. Chermol; and (4) order that, on receipt of that payment, Plaintiff's counsel David F. Chermol must refund the EAJA fees in the amount of $5,952.00 directly to Plaintiff Yachunavei Yanee P.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 27, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE